UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN MCBRIDE,

    Plaintiff,

v.                                                  Case No. 8:21-cv-00546-CEH-AEP

JOHN W. GUZINA, ET AL.,

    Defendants.
_____/

## **ORDER**

Plaintiff, who appears *pro se*, requests that the Court appoint him counsel because of his overwhelming financial debt and his opinion that "due process would be best served by a private attorney" (Doc. 9). Plaintiff recently filed a Motion to Proceed In Forma Pauperis, which was denied without prejudice because Plaintiff failed to allege facts from which it can be reasonably inferred that Defendants committed any federal violation (Doc. 8). However, Plaintiff failed to demonstrate exceptional circumstances warranting the appointment of counsel in this matter.[1]

---

[1] To the extent Plaintiff intends to represent himself, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. To the extent Plaintiff would like assistance in pursuing his claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, the Tampa Bay Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p.m. on the second floor of the Sam M. Gibbons United States Courthouse (next to the Clerk's Office). Through that program, *pro se* litigants may

Under 28 U.S.C. § 1915, a court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). A district court maintains broad discretion in determining whether to appoint counsel for an indigent party. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (citation omitted). Though a district court may appoint counsel for an indigent party, a civil litigant has no constitutional right to the appointment of counsel. *Id*. Instead, the appointment of counsel is a privilege justified only by the existence of exceptional circumstances, such as where the facts and legal issues in the case are so novel or complex as to require the assistance of a trained practitioner. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted). Although no precise definition of what constitutes exceptional circumstances exists, in determining whether to appoint counsel, courts may consider such factors as (1) the type and complexity of the case; (2) whether the *pro se* litigant is capable of adequately presenting his or her case; (3) whether the *pro se* litigant is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony thereby requiring skill in the presentation of evidence and in cross-examination of witnesses. *See Collins v. Homestead Corr. Inst.*, 452 F. App'x 848, 850 (11th Cir. 2011) (citations omitted). In the end, the key for a court determining whether to appoint counsel

---

consult with a lawyer on a limited basis for free. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/legal-information-program.

"is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Where, as here, the facts and issues are relatively straightforward, the *pro se* litigant typically will not require the assistance of counsel. *See id.* Indeed, courts have denied a *pro se* litigant's request for appointment of counsel in cases involving constitutional violations, employment disputes, and purported discrimination. *See, e.g., Bass*, 170 F.3d at 1320 (affirming a district court's denial of a *pro se* prisoner's motion for appointment of counsel in a case involving alleged constitutional violations where no exceptional circumstances existed and the legal claims were straightforward); *Colon v. Sec'y, Dep't of Homeland Sec.*, No. 6:12-cv-1447-ORL-18TBS, 2012 WL 6212911, at *3 (M.D. Fla. Nov. 27, 2012), *report and recommendation approved at* 2012 WL 6484258 (M.D. Fla. Dec. 13, 2012) (denying appointment of counsel for *pro se* litigant asserting claims for discrimination and retaliation); *Larez v. Dep't of Homeland Sec.*, No. 8:09-CV-1010-T-30EAJ, 2009 WL 2902008, at *2 (M.D. Fla. Sept. 4, 2009) (denying appointment of counsel for *pro se* litigant asserting claims for wrongful termination). In this instance, given Plaintiff's allegations, Plaintiff has thus far demonstrated an ability to communicate his allegations and litigate his case in a proficient manner. Further, as noted, Plaintiff failed to demonstrate any special circumstances warranting the appointment of counsel. As a result, Plaintiff's request for the Court to appoint him counsel is denied. *See F.T.C. v. Lalonde*, 545 F. App'x 825, 833-34 (11th Cir. 2013) (upholding the denial by a district court of a request by a *pro se* party to appoint counsel where

the magistrate judge determined that, among other things, the *pro se* party was capable of presenting his legal arguments and defending the action). Accordingly, for the foregoing reasons, it is hereby

ORDERED:

1. Plaintiff's Motion for Reconsideration and to Appoint Counsel (Doc. 9) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 17th day of May, 2021.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge


cc: Plaintiff, *pro se*