# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KEVIN MCBRIDE,

     Plaintiff,

v.                                      Case No: 8:21-cv-546-CEH-AEP

JOHN W. GUZINA, MICHAEL K.
CAMPANI, DAVID J. HAZELET,
MARTHA A. MURILLO, SUSAN C.
HARMISON, ROBIN S. SARRASIN,
DARYL NILES, DOUGLAS
MESSINA, MONIQUE M. SCOTT,
LAURA E. WARD, ASHLEY
HODGE, JEFFREY SCOTT, JANE
and JOHN DOE, CHAD
CHRONISTER, and RAY ROA,

     Defendants.

_____

## ORDER

This matter is before the Court upon review of the file. Plaintiff, Kevin McBride

("McBride" or "Plaintiff") proceeding *pro se*, filed a 70-page Complaint for Violation

of Civil Rights against 32 Defendants on March 8, 2021. Doc. 1. On May 28, 2021,

Plaintiff filed a second pleading, also titled Civil Rights Complaint, which was

docketed as an amended complaint. Doc. 11. On June 8, 2021, without leave of Court,

Plaintiff filed a third pleading titled Civil Rights Complaint, which was docketed as a

second amended complaint, Doc. 15. Thereafter, several Defendants appeared and

filed motions to dismiss directed to the various filings by Plaintiff. *See, e.g.,* Docs. 41,

43, 50, 58, 60. Also pending is a motion for extension of time (Doc. 57) to respond to

Sheriff Chronister's motion to dismiss, which will be denied as moot. Because Plaintiff's Second Amended Complaint was filed without leave of Court, it is due to be stricken. Additionally, Plaintiff's Amended Complaint is a shotgun pleading that is due to be dismissed. Plaintiff will be given the opportunity to file another complaint, which shall be titled Second Amended Complaint, that must comport with the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendants' pending motions directed to the prior complaints will be denied as moot.

## DISCUSSION

In general, a party may amend its pleading one time as a matter of course within 21 days after serving it or within 21 days after service of a motion under Rules 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1).  Plaintiff Kevin McBride ("McBride") filed his initial Complaint on March 8, 2021. Doc. 1. He also filed a motion to proceed *in forma pauperis*, which was denied. Docs. 2, 8. In denying Plaintiff's motion to proceed without prepaying fees, the Magistrate Judge concluded that Plaintiff's claims appear baseless, fanciful, delusional, and without an arguable basis either in law or fact. Doc. 8. The Magistrate Judge gave Plaintiff the opportunity to file an amended complaint. *Id.* Plaintiff filed an amended complaint on May 28, 2021. Doc. 11. He also paid the filing fee. Prior to any response being filed to the amended complaint and without requesting leave of Court, Plaintiff filed a third complaint, which is not permitted under the rules. *See* Fed. R. Civ. P. 15(a)(2) ("[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave"). Thus,

the Court will strike the Second Amended Complaint and treat the Amended Complaint as the operative pleading.

In the Amended Complaint, McBride sues 15 Defendants arising out of an incident that occurred at the Amalie Arena in March 2019 and his resulting arrest for battery of a law enforcement officer. Doc. 11. He claims an unruly fan bumped into him at a concert at the Amalie Arena. *Id.* ¶ 133. To avoid conflict, he requested help from security. *Id.* He alleges that the unruly fan was intentionally hitting him with her purse. *Id.* When she realized McBride was reporting her, the unruly fan created "a Karen situation" where she lied to protect herself and blamed him. *Id.* ¶ 135. When the officers arrived at his seat, they told McBride he had to leave. *Id.* ¶ 136. One of the officers used a spin and trip maneuver causing McBride to fall to the ground where they cuffed him and escorted him out of the arena. *Id.* ¶¶ 136, 137. Thereafter, he alleges a series of cover-ups and conspiracies occurring at the hospital, while he was incarcerated in jail, and in court proceedings.

McBride claims he was falsely arrested based on fabricated charges and a fraudulent police report. *Id.* ¶ 3. He claims Defendants "violated [his] Constitutional rights with additional added racial bias." *Id.* ¶ 4. He sues for violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, falsifying documents, conspiracy to interfere with civil rights, failure to report cover-up, "misprision of a felony," health care fraud, defamation, libel, fraud, retaliation, witness tampering, and evading summons. *Id.* ¶¶ 33, 34.

The Amended Complaint is 69 pages in length and consists of 214 paragraphs. Doc. 11. He sues several Tampa Police Department officers, members of security for the Tampa Sports Authority and Amalie Arena, an assistant state attorney for the Thirteenth Judicial Circuit, a public defender for the Thirteenth Judicial Circuit, a state court judge, unknown employees of Tampa General Hospital's emergency room department, the Sheriff of Hillsborough County, and the editor of Creative Loafing. *Id.* at 2–5. Because the Amended Complaint is a shotgun pleading, it is due to be dismissed and Plaintiff will be permitted one additional opportunity to file an amended complaint.

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all

> types of shotgun pleadings is that they fail to one degree or
> another, and in one way or another, to give the defendants
> adequate notice of the claims against them and the grounds
> upon which each claim rests.

*Id.* at 1321–23 (citations omitted).

Relevant here, McBride's Amended Complaint fails to separate each cause of action or claim for relief into a different count. Rather, under the heading of "jurisdiction," McBride identifies each Defendant followed by multiple paragraphs purportedly pertaining to that Defendant. The paragraphs are disjointed, fanciful, and conclusory allegations followed by a paragraph in which McBride lumps together all claims asserted against that particular Defendant. There are no separate counts for each claim. In a single section titled "Statement of Claim," McBride references different incidents occurring at Amalie Arena, Tampa General Hospital, and Hillsborough County jail on March 3, 2019; various incidents occurring during court proceedings throughout 2019 at the Thirteenth Judicial Circuit Court; and incidents at the Arlington County Detention Facility, the Arlington County Courthouse, in the "extradition van" to Tampa, and in the Hillsborough County jail.

Under the rules, to promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count. Fed. R. Civ. P. 10(c). Additionally, the rules require that a pleading that states a claim for relief must contain a short and plain statement of the grounds showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Even construing McBride's *pro se* pleading liberally, it is a rambling, stream of consciousness statement, riddled with questions and legalese. The

complaint is anything but a short and plain statement and fails to give the Defendants adequate notice of the claims being asserted against them and the grounds upon which each claim rests. *See Weiland*, 792 F.3d at 1323.

When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.  Accordingly, it is hereby

**ORDERED**:

1.    Plaintiff's Second Amended Complaint (Doc. 15) filed June 8, 2021, is **STRICKEN**.

2.    Plaintiff's Amended Complaint (Doc. 11) is **DISMISSED without prejudice**.

3.    Plaintiff may file a Second Amended Complaint within twenty-one (21) days from the date of this Order. The Second Amended Complaint should comply

with the Federal Rules of Civil Procedure and the Local Rules of this Court[1] and be properly served upon the Defendants named in the Second Amended Complaint in accordance with the Federal Rules of Civil Procedure. Failure to file a Second Amended Complaint within the time allowed will result in this action being dismissed without further notice.

4.    Defendant Chad Chronister's Opposed Motion to Dismiss or Strike (Doc. 41) is **DENIED as moot**.

5.    Defendants' City of Tampa, John Guzina, Michael Campani, David Hazelet, Martha Murillo, Robin Sarrasin, and Susan Harmison's Motion to Dismiss (Doc. 43) is **DENIED as moot**.

6.    Defendant Douglas Messina's Re-Filed Motion to Dismiss (Doc. 50) is **DENIED as moot**.

7.    Plaintiff's Motion for Extension of Time to Respond to Chad Chronister's Motion to Dismiss (Doc. 57) is **DENIED as moot**.

8.    Defendants Monique Scott, Laura Ward, Ashley Hodge, and Jeffrey Marshall's Motion to Dismiss (Doc. 58) is **DENIED as moot**.

9.    Defendant's (Ray Roa) Motion to Dismiss Plaintiff's Amended Complaint (Doc. 60) is **DENIED as moot**.

---

[1] Plaintiff should review the Middle District of Florida Local Rules which can be found on the Court's website (https://www.flmd.uscourts.gov/local-rules) and the Federal Rules of Civil Procedure, also available on the Court's website.

**DONE** and **ORDERED** in Tampa, Florida on July 29, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties