UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN McBRIDE,

    Plaintiff,

v.     Case No: 8:21-cv-546-CEH-AEP

JOHN W. GUZINA, *et al.*,

    Defendants.

_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion for Recusal (Doc. 68), filed on August 1, 2021. In the motion, Plaintiff argues that the undersigned should recuse herself because she is biased due to her prior government employment and because of allegedly defamatory statements made in an order. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Recusal.

## DISCUSSION

Plaintiff, Kevin McBride, ("Plaintiff" or "McBride") sues thirty-four Defendants alleging state and federal causes of action in a 34-count Second Amended Complaint. Doc. 69. His claims include alleged First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment violations following his arrest at a concert he attended at Amalie Arena in Tampa, Florida on March 3, 2019. He names as Defendants the head of the Crimes Division at the Tampa Police Department, various

Tampa police officers, security guards at the Amalie Arena, Thirteenth Judicial Circuit Judge Laura Ward, current and former Hillsborough County public defenders, Tampa General Hospital, Chad Chronister in his official capacity as Sheriff of the Hillsborough County Sheriff's Department ("HCSO"), the editor of local news publication *Creative Loafing*, the City of Tampa, and Lightning Hockey LP. *Id.* at 5–7. McBride filed suit in March 2021. Doc. 1. He filed an Amended Complaint on May 28, 2021. Doc. 11. The Court struck Plaintiff's unauthorized filing of a June 8, 2021 complaint and dismissed the Amended Complaint as a shotgun pleading. Doc. 65. The Court permitted Plaintiff the opportunity to file a Second Amended Complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court. *Id.* at 6–7. Thereafter, McBride filed the motion for recusal that is before the Court. Doc. 68.

"Recusal is governed by two federal statutes, 28 U.S.C. §§ 144 and 455." *Johnson v. Wilbur*, 375 F. App'x 960, 964 (11th Cir. 2010). McBride seeks recusal of the undersigned pursuant to § 455.[1]

---

[1] Even if Plaintiff intended to file his motion under § 144, his motion fails because "[t]he threshold requirement" under section 144 is that a party file "an affidavit demonstrating personal bias or prejudice." *Parrish v. Bd. Of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975). Here, McBride fails to provide any affidavit to support his claims of bias or prejudice, and thus his motion fails under § 144. *See Johnson v. Irby*, 403 F. App'x 465, 466–67 (11th Cir. 2010) (finding judges did not abuse their discretion in failing to recuse themselves as plaintiffs did not submit a properly notarized and sufficient affidavit with their recusal motion in the district court to comply with section 144); *Johnson v. Wilbur*, 375 F. App'x 960, 965 (11th Cir. 2010) ("Johnson is not entitled to relief under 28 U.S.C. § 144 because he failed to submit with his recusal motion a properly sworn and verified affidavit sufficient for § 144."). "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

2

Under § 455, a judge must recuse herself whenever proper grounds exist. *United States v. Singletary*, 196 F. App'x 819, 820 (11th Cir. 2006) (citing *United States v. Kelly,* 888 F.2d 732, 744 (11th Cir.1989)). Pursuant to 28 U.S.C. § 455(a) "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The judge shall also disqualify himself in the following circumstances:

>    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
>    (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>    (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>    (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
>    (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>      (i)  Is a party to the proceeding, or an officer, director, or trustee of a party;
>      (ii) Is acting as a lawyer in the proceeding;

    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* at § 455(b).

  Under § 455(a), "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The inquiry is therefore an objective one, "made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 514 U.S. 913, 924 (2004) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (Rehnquist, C.J., Statement on Recusal)). The grounds for disqualifying a judge must be evaluated objectively–the standard is whether a reasonable person, with knowledge and understanding of all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned. *Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir. 2000). More precisely, the inquiry is made from the perspective of a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004) (citation omitted); *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

  To satisfy the requirements of Section 455, a movant "must offer facts, and not merely allegations, that evidence partiality." *Strickland v. Chase Bank USA Nat. Ass'n*, 2010 WL 298798, at *2 (N.D. Ga. Jan. 19, 2010); *United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999) (charge of partiality must be supported by some factual

4

basis and not on unsupported irrational or highly tenuous speculation). "Section 455(a), however, must not be construed so broadly that it becomes presumptive [or mandates] . . . upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) (citing *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986)).

As to the merits of the motion, McBride raises two principal grounds for recusal of the undersigned. First, he claims that the undersigned's prior employment as a public defender, an assistant city attorney for the City of Tampa, and as a Circuit Judge for the Thirteenth Judicial Circuit for Hillsborough County makes her biased against Plaintiff and in favor of Defendants who include the City of Tampa, two public defenders, and a state court judge. Second, McBride contends recusal is warranted because the Court made prejudicial comments in its July 29, 2021 order. The Court will address the two arguments in reverse order.

Regarding the allegedly offending comments, McBride contends the Court's reference to his Complaint being a "shotgun pleading" was meant to be degrading and insulting. On the contrary, "shotgun pleading" is a term of art utilized by courts in this Circuit. As discussed by the Court in its July 29 order, the Eleventh Circuit has explained that "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). The Eleventh Circuit identified four types of complaints that are shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015).

5

Because McBride's Amended Complaint fell into one or more of the categories identified as a shotgun pleading, his Amended Complaint was due to be dismissed under the Federal Rules of Civil Procedure and prevailing Eleventh Circuit case law.

McBride next complains that the Court made a defamatory remark about Plaintiff being indigent. Specifically, McBride argues the Court exhibited bias because it repeated the Magistrate Judge's basis for denial of his motion to proceed in court without prepaying fees. McBride argues that the Court's order was written "like a defense attorney trying to get the case dismissed." Judicial rulings and routine trial administration efforts are insufficient to require a judge's recusal. *Strickland*, 2010 WL 298798, at *1. A judge is equally obligated to preside over a case when there is no legitimate reason to recuse as she is to recuse when the law and facts require. *U.S. v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) (citing *U.S. v. Greenspan*, 26 F. 3d 1001 (10th Cir. 1994)). The Court entered an order dismissing the Amended Complaint based on Eleventh Circuit law and granting Plaintiff the opportunity to amend. McBride cites no legitimate factual basis to support the undersigned's recusal based upon the July 29, 2021 order.

The other asserted basis for recusal raised by McBride is the undersigned's prior employment as a public defender, an assistant city attorney, and a Circuit Court Judge. As a preliminary matter, under § 455(b), a judge should disqualify herself where she "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3).

6

McBride does not allege, nor can he allege, that the undersigned's prior governmental service as a public defender, assistant city attorney or Circuit Court Judge in any way concerned the present controversy. The undersigned worked as an Assistant Public Defender and Assistant City Attorney in the 1980's and 1990's. The undersigned served as a Circuit Court Judge for the Thirteenth Judicial Circuit from approximately 2001 through 2009, over a decade prior to the matters giving rise to the instant controversy. Thus, nothing in § 455(b) requires recusal.[2] Moreover, McBride cites to no facts, as opposed to pure suppositions, to support that any bias or prejudice would occur in the instant matter because of the undersigned's prior employment.

McBride also contends that the timing of the Court's Order following the filing of motions to dismiss by some of the Defendants, as well as the fact that the Tampa City Attorney emailed him a courtesy copy of the Court's order, is suspicious and highly unusual. As noted above, the grounds for disqualifying a judge must be evaluated objectively, *see Christo*, 223 F.3d at 1333, from the perspective of a "well-informed, thoughtful and objective observer," as opposed to the perspective of a suspicious person. *See Sensley*, 385 F.3d at 599. McBride's suspicions are precisely that and do not provide the factual basis to support recusal.

Finally, McBride argues that because he is male, he will be extremely prejudiced having a female judge preside over his case. McBride cites no facts as it relates to

---

[2] Additionally, the Court does not have a close personal friendship with any of the parties or attorneys involved in this case.

7

women judges in general, or the undersigned specifically, to support this speculative theory.[3]

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Recusal (Doc. 68) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on September 9, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Kevin McBride, *pro se*
Counsel of Record
Unrepresented Parties, if any

---

[3] McBride also makes vague reference to a racial and ethnic conflict, but again cites no facts whatsoever to demonstrate the basis for any purported racial or ethnic conflict or bias stemming therefrom.