UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN MCBRIDE,

    Plaintiff,

v.                                                     Case No: 8:21-cv-546-CEH-AEP

JOHN W. GUZINA, *et al.*,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on Plaintiff's "Motion Request for Entry of Default Judgment on Defendant Daryl Niles" (Doc. 95), filed on October 12, 2021. In the motion, Plaintiff requests entry of default judgment against Defendant Niles for failing to answer Plaintiff's complaint. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's motion for default judgment.

## DISCUSSION

    Plaintiff, Kevin McBride, proceeding *pro se*, sued Defendant Daryl Niles, along with 16 other Defendants, following Plaintiff's arrest at a PINK Concert at Amalie Arena. Defendant Niles was the head of security for Amalie Arena. Plaintiff seeks default judgment against Defendant Niles because, according to Plaintiff, Niles is evading service, declining to waive service, and refusing to answer Plaintiff's complaint. Doc. 95. In response, Niles contends that Plaintiff did not timely serve him, nor has Plaintiff filed evidence to establish that service by mail was proper. Doc. 101.

The law in this Circuit makes clear that default under Rule 55 is a two-step process:

> Under Rule 55 of the Federal Rules of Civil Procedure, there is "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08–cv–498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010); see also Fed. R. Civ. P. 55(a), (b). First, the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after a default is entered, the party must then apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b). As a result, "the clerk's entry of default must precede an application" for default judgment. *Deforest*, 2010 WL 1792094 at *7 (citing Fairman v. Hurley, 373 F.Supp.2d 227, 231 (W.D.N.Y. 2005)); Travelers Cas. & Surety Co. of Am., Inc. v. E. Beach Dev., LLC, No. 07–0347–WS–B, 2007 WL 4097440, *1 (S.D. Ala. Nov. 14, 2007) ("The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

*Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011); *see also* 10A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Here, Plaintiff moved for default judgment before obtaining a clerk's default under Rule 55(a). Thus, Plaintiff's motion for default judgment is premature and improper.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's "Motion Request for Entry of Default Judgment on Defendant Daryl Niles" (Doc. 95) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 5, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties